**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for John N. Moore, Jr.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                    :
                                                          :   Chapter 11
JOHN N. MOORE, JR.,                                       :
                                                          :   Case No.: 15-70055 (   )
                              Debtor.                     :
---------------------------------------------------------- x

## LOCAL BANKRUPTCY RULE 1007-4 AFFIDAVIT

STATE OF NEW YORK      )
                                    ss.:
COUNTY OF NEW YORK   )

John N. Moore, Jr., being duly sworn, deposes and states:

1. I am the debtor herein (the "Debtor") and I submit this affidavit pursuant to Rule 1007-4 of the Local Rules of this Court.

2. I intend to file a voluntary Chapter 11 petition with the clerk of this court on January 7, 2015.

3. On July 29, 2014, I caused to be filed with this Court a voluntary chapter 13 bankruptcy petition. The chapter 13 case was subsequently dismissed on November 7, 2014.

4. There has not been a committee of creditors organized prior to the order for relief in this Chapter 11 case. This case is not a small business debtor within the meaning of § 101(51D) of the Bankruptcy Code.

5.	I am filing this Chapter 11 case in order to prevent a foreclosure sale currently scheduled for January 8, 2015 with respect to property I own located at 150 Nassau Road, Roosevelt, New York (the "Property"). I have owned the Property since 2004. I and my siblings inherited the Property upon my mother's death. John Moore Funeral Home Inc. (the "Funeral Home") has operated a family-run funeral home at the Property continuously since 1961. The Funeral Home has been an integral part of the African American community in the south shore of Long Island. The Funeral Home has served almost 5,000 families over the years.

6.	In or about May 2007, I borrowed $400,000 from Eastern Savings Bank. The loan was secured by a mortgage on the Property. The original interest rate under the loan was 12.49 percent (12.49%) in the first year and reduced to 11.49 percent (11.49%) through June 1, 2032, as long as no payments were more than thirty (30) days late. The monthly payments under the loan were approximately $4,350. The monies were utilized to buyout my siblings and to make a loan to my sister's nursery school which is also in the community. Due to an unforeseen decrease in the funeral home's revenues, I was unable to make the monthly payments commencing in or about 2011. Efforts to reach a consensual restructuring of the loan with Eastern Savings were not successful. In or about March 2012, Eastern Savings commenced an action to foreclose its loan (the "Foreclosure Action"). The Foreclosure Action was settled pursuant to a stipulation, dated February 14, 2013, which required me to make certain lump sum payments and additional payments over time. Unfortunately, towards the end of 2013, I defaulted and Eastern Savings Bank moved to reopen the Foreclosure Action. By Memorandum of Decision, dated June 6, 2014, the Honorable Arthur D. Spatt, USDJ rejected my defenses and entered a Judgment of Foreclosure and Sale. Eastern Savings Bank scheduled a sale for early August of last year.

7.       As set forth above, I retained a consumer bankruptcy lawyer and was advised to file a chapter 13 petition.  Unfortunately, I did not understand all of the intricacies of a chapter 13 bankruptcy case and my chapter 13 case was dismissed by the Honorable Robert E. Grossman, USBJ, on November 7, 2014.  I have now retained a more experienced bankruptcy counsel and have been advised that a chapter 11 plan is confirmable.  Specifically, I obtained an appraisal of the Property as of September 2014, valuing the Property at $465,000.  Based upon this valuation, Eastern will hold a large deficiency claim which I understand is treated as a general unsecured claim under the applicable provisions of the Bankruptcy Code.  I have been advised that in order to confirm a chapter 11 plan, at least one impaired class of claims must vote in favor of the plan.  I have at least one other secured creditor which holds a mortgage on my residence.  I further been advised than an individual chapter 11 case can be confirmed over the objection of unsecured creditors if the plan provides that my projected disposable income over a five year period or potentially longer is devoted to the plan.  In short, I believe that given a fair opportunity with more experienced bankruptcy counsel, a chapter 11 plan is feasible and perhaps a consensual deal between myself and Eastern Savings Bank can be reached.  I also understand that the Bankruptcy Court encourages the use of mediation and I intend to seek such relief.  Revenues from the operation of the Funeral Home are sufficient to pay reasonable debt service and restructure the loan as permitted by the Bankruptcy Code.

8.       Attached hereto as **Exhibit 1** is a list of my twenty (20) largest unsecured creditors, excluding insiders.

9.       A list of my five (5) largest secured creditors is annexed hereto as **Exhibit 2**.

10.      I am filing with my petition a complete set of schedules which sets forth a listing of my assets and liabilities.

11. None of my properties are in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

12. I reside at 26 Virginia Avenue, Freeport, New York 11520.

13. My assets consist primarily of my ownership interest in the Property, my residence located at 26 Virginia Avenue, Freeport, NY, and my ownership in the Funeral Home.

14. I am not a party to any litigation other than the Foreclosure Action referenced above which has concluded through entry of a judgment of foreclosure and sale.

15. I am currently employed by the Funeral Home. I receive a weekly salary of $800.00. I expect to have cash disbursements of approximately $2,500 in the next thirty (30) days to pay my ordinary living expenses.

16. I intend to continue in the operation of my businesses and management of my property pursuant to the provisions of Chapter 11, Title 11 of the United States Code.

/s/ John N. Moore, Jr.
John N. Moore, Jr.

Sworn to before me this
7th day of January, 2015

/s/ Cecilia D. Vasquez
Notary Public

Cecilia D. Vasquez
Notary Public, State of New York
No. 01VA6218262
Qualified in Queens County
Commission Expires 03/22/18